FILED

NOV 30 [illegible]

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DWANE L. HUBBART )
  )
    20533 Biscayne Blvd. )
    # 1315 )
    Aventura, FL 33180 )
  )
  )
    **Plaintiff,** )
  )
    v. ) Civil Action No. _____
  )
THE GOVERNMENT OF THE )
COOK ISLANDS, )
  )
    Ministry of Foreign Affairs )
    P.O. Box 105 )
    Avarua, Rarotonga )
    Cook Islands )
  )
    and )
  )
THE MINISTRY OF HEALTH OF THE )
COOK ISLANDS, )
  )
    P.O. Box 109 )
    Avarua, Rarotonga )
    Cook Islands )
  )
    **Defendants.** )

Case: 1:11-cv-02130
Assigned To : Sullivan, Emmet G.
Assign. Date : 11/30/2011
Description: Contract
Case:

## COMPLAINT

Plaintiff, a United States citizen, entered into a contract with the Government of the Cook

Islands, a sovereign state, and with the Ministry of Health of the Cook Islands, in May 1998.

That contract conferred certain rights and benefits upon plaintiff entitling him to establish and

operate a medical school, the St. Mary's School of Medicine, in the Cook Islands. The contract

provided that the United States would be the exclusive venue and jurisdiction for resolution of

any and all disputes arising thereunder.  Subsequently, on or about July 24, 1998, plaintiff

Hubbart and the Cook Islands Government entered into another agreement, titled "Government

of the Cook Islands Medical Charter."  That agreement granted a medical school charter to

plaintiff and expressly referred to and recognized the prior May 1998 contract.  Like the May

1998 contract, it expressly provided that the United States would be the exclusive venue and

jurisdiction for resolution of all disputes related thereto.

Although plaintiff did establish and operate the St. Mary's School of Medicine in the

Cook Islands for some years, his right to continue to do so was recently questioned by

defendants, who declared his May 1, 1998, contract null and void.  Plaintiff seeks a Declaratory

Judgment that both the May 1, 1998 contract and the subsequent Medical School Charter contract

of July 24, 1998, are valid and in effect,  and/or damages for breach of both contracts, as well as

damages for the uncompensated expropriation of his contract rights, and in support of this

Complaint alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to the

Foreign Sovereign Immunities Act ("FSIA"),  28 U.S.C. § 1605(a)(1) and (a)(3), and under  28

U.S.C. § 1332, and under the Declaratory Judgment Act, 28 U.S.C. § 2201.

2. Defendants the Cook Islands Government and the Cook Islands Ministry of Health are

subject to suit in the courts of the United States pursuant to their express waiver of sovereign

immunity in the contracts they entered into with plaintiff, under Section 1605(a)(1) of the FSIA,

and pursuant to the "takings exception" of section 1605 (a)(3) of the FSIA.

3. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(f)(4).

4.  Under 28 U.S.C. § 1606, foreign states and their instrumentalities may be held liable for actionable wrongs such as breach of contract "in the same manner and to the same extent as a private individual under like circumstances...."

## THE PARTIES

5. Plaintiff Dr. Dwane L. Hubbart is a resident and domiciliary of the State of Florida, with his address at 20533 Biscayne Blvd., # 1315, Aventura, FL 33180. Dr. Hubbart graduated from medical school in the Dominican Republic and completed three years of post-graduate medical training in Red Cross hospitals in Mexico. Dr. Hubbart has experience in establishing Schools of Medicine and of Nursing, which he has done in the Cook Islands and in Baja California, Mexico. He is a United States citizen.

6. Defendant the Cook Islands is a sovereign state in free association with the State of New Zealand. It is a nation composed of a string of islands in the South Pacific ocean. It has full sovereignty and has entered into numerous treaties with other nations. It has the capacity to enter into binding agreements and contracts with individuals and businesses.

7. Defendant the Ministry of Health of the Cook Islands is either a political subdivision or an instrumentality of the Cook Islands. As such, it is subject to waiver of sovereign immunity and the jurisdiction of this Court pursuant to applicable provisions of the FSIA.

## STATEMENT OF FACTS

8. Early in 1998 Dr. Dwane Hubbart began negotiations with Cook Islands government officials to establish a School of Medicine in the Cook Islands. In these negotiations, Dr. Hubbart sought assurances that, if he were to invest his time, money, and expertise in the enterprise, he would receive guarantees concerning the ability of the Medical School to operate

3

lawfully and without impediment or interference .

9.  These negotiations lasted approximately twenty weeks, and included face to face meetings and phone calls with Mr. Rohan Ellis of the Cook Islands Development Investment Board, Dr. Roro Daniel of the Ministry of Health, the Honorable Tupou Faireka of the Minsitry of Health, and members of the Cook Islands Cabinet.

10.  After all issues had been resolved to the parties' satisfaction in the negotiations, plaintiff Dr. Dwane L. Hubbart and defendants the Government of the Cook Islands and the Ministry of Health of the Cook Islands entered into a binding agreement, a copy of which is attached as Exhibit A hereto.  (Hereinafter, "the May 1 Contract").  The agreement was executed at the Ministry of Health on Rarotonga in the Cook Islands, on April 30, 1998, although it is dated as effective the next day, May 1, 1998.  The agreement to set up the medical school was subsequently approved and ratified by the Cook Islands Cabinet.

11.  The May 1 Contract provided that "The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health has agreed to and has granted a charter to Dr. Dwane L. Hubbart to own, establish and operate a Cook Islands medical school...."

12.  Subsequently, on or about July 24, 1998, plaintiff Hubbart and the Cook Islands Government entered into another agreement, titled "Government of the Cook Islands Medical Charter."  A copy of that Agreement is attached hereto as Exhibit B.  (Hereinafter "July 24 Contract.").  The July 24 Contract granted a "medical school charter to Dr. Dwane L. Hubbart...in recognition of...the contract agreement entered into on May 1, 1998 between the Government of the Cook Islands and Dr. Dwane L. Hubbart."  In terms essentially identical to

4

the prior May 1 Contract, it provided that "this charter agreement cannot be withdrawn or terminated unless mutually agreed upon in writing."  It also provided that the "country of the United States will be the exclusive venue and jurisdiction for any and all disputes arising out of the charter agreement...."

13.  Plaintiff Hubbart did in fact establish, own and operate the medical school, named the St. Mary's School of Medicine (hereinafter "SMSOM"), in Rarotonga, the Cook Islands, for a period of years commencing in 1998.

14.  After several years of successful operations, Dr. Hubbart voluntarily suspended the operation of the medical school, as he was entitled to under the Contracts, for reasons unrelated to any action or inaction of the Cook Islands.

15.  In 2007, plaintiff commenced discussions with representatives of The Cook Islands to buy or lease property to re-start the operation of the same medical school, SMSOM.  He spoke with Mr. Mark Short, the CEO of the Business Trade Investment Board (formerly the Development Investment Board) of the Cook Islands, who led him to believe that there would be no impediment to continuing the operations of SMSOM once a good location could be found.

16.  From 2007 through early 2009 discussions continued between Dr. Hubbart and various representatives of The Cook Islands, all aimed at identifying land and space for the facilities and operations of the Medical School.  During this time, none of the representatives of the Cook Islands suggested in any way that they believed that Dr. Hubbart was not entitled to continue the operations of the SMSOM according to the terms of the two 1998 contracts.

17.  In January 2009, Dr. Hubbart became aware that the St. Mary's School of Medicine had been delisted from the list of accredited medical schools maintained by the World Health

5

Organization ("WHO").  He sent an email to the Office of the Deputy Prime Minister to inquire whether any Cook Islands officials knew the reason for the WHO delisting.

18.  Mr. Ratu Mato, the CEO of the Deputy Prime Minister's Office, replied that "we are not aware the St. Mary's School of Medicine has been delisted from the WHO listing," and that he "was waiting for a response from WHO as to when was the school delisted and why."

19.  In March and June of 2009, Mr. Ratu Mato wrote to WHO as follows: "I am requesting a response furnishing me with who I may directing communication with regards to the issue of the St. Mary's School of Medicine being deleted from the World Health Organization Directory of Medical Schools." He expressly referenced the 1998 "contractual agreements" in his emails. Exhibits C and D.  He sent a copy of these communications to Dr. Hubbart.

20.  Soon thereafter, on June 25, 2009, another official of The Cook Islands, Mr. Terry Rangi, wrote an email communication to plaintiff Hubbart which, for the first time, suggested that Mr. Rangi believed the Medical School was no longer eligible to continue operations in the Cook Islands without a renewed application for a Foreign Enterprise Registration License.  He stated in that email that the Medical School had been "deregistered [as an eligible Foreign Enterprise] in December 2008."

21.  Dr. Hubbart had never been informed of any such "deregistration" and immediately inquired of Mr. Rangi about the circumstances of the "deregistration."  In a series of emails, plaintiff protested the alleged "deregistration" as unjustified and contrary to the governing provisions of the May and July 1998 contracts, which required all Cook Islands authorities to provide and maintain "all required listings, licenses, registrations, accreditations charter/s and or approvals to operate."

6

22.  A series of emails about this topic was exchanged throughout 2009 with a number of Cook Islands officials in which Dr. Hubbart repeatedly emphasized the requirements of the May and July 1998 contracts with respect to providing and maintaining all required operating licenses. These emails were exchanged with Mr. Ratu Mato, Dr. Roro Daniel, and Mr. Terry Rangi.

23.  Throughout this period, none of the Cook Islands government officials ever questioned the continued validity, operation, or binding effect of the 1998 contracts at issue here. To the contrary, in a number of the emails exchanged, Cook Islands government officials either expressly or impliedly recognized the continued effectiveness of the 1998 contracts.  See Exhibit C (stating, inter alia, that "the St. Mary's School of Medicine has contractual agreements with the Ministry of Health and Government of the Cook Islands...."). See also Exhibit D ("your contractual arrangements....").

24.  Plaintiff subsequently engaged undersigned counsel, who wrote a detailed letter transmitted to a number of different responsible Cook Islands government officials setting out plaintiff's view that there was no justification under Cook Islands law for the "deregistration," and that any such act was in any event contrary to the express provisions of the May 1, 1998 contract governing the relations of the parties.

25.  In a letter of April 29, 2011, a representative of the Cook Islands Crown Law Office replied.  Ms. Martha Henry, a lawyer in that office, wrote that the Crown Law Office agreed that there had been no basis for withdrawing the Foreign Business Enterprise Registration of the Saint Mary's School of Medicine, stating that "it is agreed the revocation of the SMSOM Ltd.'s certificate of registration cannot be responsibly sustained under the the provisions of the Act." She continued, "On this basis, it is agreed that the SMSOM Ltd.'s certificate of registration will

7

be reinstated," and promised that a letter confirming the decision to reinstate would be forthcoming shortly. However, no letter of reinstatement has been received to date.

26. In that same letter, however, the Crown Law Office took the position that the May 1, 1998 contract was null and void, having been purportedly "cancelled" pursuant to a letter of June 8, 1998, supposedly faxed from Dr. Roro Daniel-- who had just signed the contract on behalf of the Cook Islands a little over a month before--and addressed to Dr. Hubbart. A copy of the alleged facsimile transmission from June 8, 1998 was attached to the April 29 letter from the Crown Law Office.

27. Dr. Hubbart never received and never previously saw the alleged June 8, 1998, letter. The copy of that purported fax transmission attached to Ms. Henry's recent letter is the first time he has seen it.

28. The May 1, 1998 contract expressly by its terms provides that "this contractual agreement cannot be changed or terminated unless it is mutually agreed upon."

29. The alleged June 8, 1998, letter purporting to cancel the May 1, 1998 contract purports to do so unilaterally and without agreement.

30. The alleged June 8 letter purporting to cancel the May 1, 1998 contract was followed less than two months later by the Medical School "charter agreement" attached as Exhibit B hereto, which was entered into on July 24, 1998, "in recognition of ... the contract agreement entered into on May 1, 1998...."

31. Indeed, less than a few weeks after the purported cancellation letter, in a July 28, 1998 letter to the Education Commission for Foreign Medical Graduates, Dr. Roro Daniel wrote that SMSOM was duly registered and granted permission to operate in the Cook Islands and that

8

its graduates were eligible for licensure.  Exhibit E.  In a subsequent May 24, 1999 letter, the

WHO confirmed the inclusion of the SMSOM in the listing of the World Directory of Medical

Schools pursuant to the request of the Honorable Tupou Faireka, the Minister of Health of the

Cook Islands at the time.  Exhibit F.

32.  In all the discussions and communications concerning the SMSOM and Dr.

Hubbart's desire to restart its operations dating back to 2007, no representative of The Cook

Islands ever mentioned, referred to, or referenced the purported termination of the May 1998

contract prior to the April 29, 2011, letter from the Crown Law Office.

33.  The parties to the May 1, 1998 contract at all relevant times treated it as fully in force

and effective.  Indeed, the SMSOM operated successfully and profitably in the Cook Islands from

1998 through 2003, educating and graduating many successful medical students.  The SMSOM,

until its "delisting" was discovered by the World Health Organization ("WHO")apparently in

2009, was listed on the register of the WHO as an accredited School of Medicine, granted a

charter to operate by the Cook Islands.  As noted above, when Dr. Hubbart first learned of this

action, he asked for help from Cook Islands officials, who immediately provided that help by

writing to WHO.

34.  After receiving the April 29 Letter, Counsel for Dr. Hubbart wrote back to the Crown

Law Office making a number of these and other points, inter alia.  The Cook Islands Crown Law

Office has replied, again taking the position that the May 1, 1998 contract was terminated in June

1998 and is now null, void, and of no effect in governing the relations of the parties to it.

## CAUSES OF ACTION

COUNT I:

Breach of Contract

35.  Plaintiff repeats and incorporates paragraphs one through 34 as though fully set forth herein.

36.  Defendants The Cook Islands and The Cook Islands Ministry of Health have breached the May 1, 1998 contract as well as the July 24, 1998 charter contract.

37.  The May 1 contract contained an agreement in the nature of a liquidated damages clause.

38.  That clause provided that defendants "agree to compensate Dr. Dwane L. Hubbart and or the medical school for any incurred losses, damages, disenfranchisement, costs and or expenses to gain approval for another charter in another country, and or relocation costs and expenses that will result upon any of the terms and conditions of this contractual arrangement being violated by the Government of the Cook Islands and or any of the Government of the Cook Islands agencies or branches."

39.  The July 24, 1998 charter contract contained a similar provision.

40.  Defendants' breaches of both contracts have caused plaintiff to suffer damages as a direct and proximate result of the breaches in an amount to be determined at trial, but no less than $5 million, and plaintiff demands payment thereof.

41.  Defendants' breaches have also resulted in damages under the "liquidated damages" clauses quoted and referred to above in an amount to be determined at trial, but no less than $5 million, and plaintiff demands payment thereof.

10

COUNT II:

Expropriation of Contract Rights

42.  Plaintiff repeats and incorporates the allegations of paragraphs one through 41 above as though fully set forth herein.

43. Defendants have not compensated plaintiff for the taking of his contract rights, which were valuable.

44.  Defendants' taking of plaintiff's valuable contract rights, without compensation, was arbitrary and capricious, and is an expropriation contrary to international law.

45.  Plaintiff Hubbart has been damaged thereby in an amount to be determined at trial, but no less than $5 million, and demands payment thereof.

COUNT III:

Declaratory Judgment Declaring the May 1, 1998 Contract and the July 24, 1998

Contract To Be Valid and Binding

46. Plaintiff repeats and incorporates the allegations of paragraphs one through 45 as though fully set forth herein.

47.  In addition and/or in the alternative, plaintiff seeks a declaratory judgment from the Court declaring the May 1, 1998 contract and the July 24, 1998 contract to be fully effective, binding, and in force.

48.  This case presents a real case or controversy within the jurisdiction of the Court. Defendants take the position that the May 1, 1998 contract is no longer in effect because it was revoked. Plaintiff takes the position that it is still in effect and binding because it could not, by its terms, be unilaterally revoked, and that the attempted revocation was never actually

11

communicated to plaintiff in any event, and that the parties' subsequent conduct and statements are inconsistent with any revocation.

49.  Similarly, by their recent actions and communications, defendants have effectively treated the July 24, 1998 contract as also invalid and a nullity.  Plaintiff takes the position that it is still in effect and binding because it could not, by its terms, be unilaterally revoked.

50.  Adjudication of these issues will effectively resolve the dispute and be of practical benefit to the parties.

51.  Accordingly the Court may issue a Declaratory Judgement under the Declaratory Judgment Act.

52.  Plaintiff requests a Declaratory Judgment declaring the continuing validity and effectiveness of the May1998 and the July 1998 contracts as governing the relations of the parties.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Court grant judgment in its favor and against Defendants on Counts I,  II, and III, and grant Plaintiff:

A.  Compensatory damages in favor of Plaintiff and against Defendants jointly and severally, in the amounts demanded hereinabove;

B.  Liquidated damages in favor of Plaintiff and against Defendants jointly and severally in the amounts demanded hereinabove;

C.  A Declaratory Judgment holding that the May 1,1998 contract and the July 24, 1998 contract remain in effect and are valid and enforceable;

D.  Reasonable costs and expenses;

E.  Reasonable attorneys' fees; and

F.  Such other and further relief as the Court may determine to be just and equitable in the circumstances.

Respectfully submitted,

___/s/___Paul G. Gaston_____
Paul G. Gaston (DC Bar # 290833)
LAW OFFICES OF PAUL G. GASTON
1776 Massachusetts Avenue, NW, Suite 806
Washington, DC 20036
202-296-5856
*Attorney for Plaintiff*

13

EXHIBIT A



This agreement is entered into this 1st day of May, 1998 between the Government of the Cook Islands, the Cook Islands Ministry of Health and Dr. Dwane L. Hubbart.

Whereas,

- The Government of the Cook Islands has agreed to and has approved in principle the establishment of the proposed medical school ST. MARY'S SCHOOL OF MEDICINE operated by Dr. Dwane L. Hubbart in Rarotonga, Cook Islands (CM (98) 119) under the coordination of the Secretary of Health and the medical school.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health has agreed to and has granted a charter to Dr. Dwane L. Hubbart to own, establish, and operate a Cook Islands medical school and for the establishment and operations of the proposed ST. MARY'S SCHOOL OF MEDICINE. It is further agreed to by the Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health that the medical school is approved to grant and issue the degree DOCTOR OF MEDICINE and other medical health professional degrees including but not limited to nursing and public health.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agrees that the medical school can operate as the medical school and or Dr. Dwane L. Hubbart foresees the need to educate students/individuals to become medical doctors and or health care professionals and the medical school is responsible for the medical school operations including the medical programs, the hiring of professors and all employees, students recruitment, facilities, teaching equipments, and the mode of instructions (which can include campus based locally, extension campuses abroad and or distance learning).

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree to ensure that any and all required approvals to operate, charters, listings, licenses, registrations and accreditations requested and required by Dr. Dwane L. Hubbart and or the medical school both locally and internationally will be provided by the Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health and all requested and required listings, licenses, registrations, accreditations, charter/s and approvals to operate will be binding, continuously maintained, honored and continuously enforced at all times by all the agencies and all branches of the Government of the Cook Islands, including but not limited to the Cook Islands Ministry of Health and Cook Islands Medical Council.

-The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree to fully recognize the medical school as a Cook Islands medical school and health sciences institution of higher learning and to provide, grant and maintain accreditations to the medical school as a Cook Islands medical school and health sciences institution of higher learning that can also provide recognized and accredited education globally to and for international students and ensure global evaluation and transfer of the medical school credits. It is also agreed by the Government of the Cook Islands and the Cook Islands Ministry of Health by and  through the Cook Islands Secretary of Health to fully assist with obtaining and maintaining all other accreditations, recognitions and listings required and requested by the medical school and or Dr. Dwane L. Hubbart and to fully recognize, provide, grant and assist with obtaining all accreditations for the medical school programs.

2020/DH

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health further agree that the Government of the Cook Islands, the Cook Islands Medical Council and the Cook Islands Ministry of Health in conjunction and co-ordination with the medical school and Dr. Dwane L. Hubbart will serve as the accreditation body/authority for medical education, the medical school and the medical school programs.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree that graduates of the medical school will be provided with a Cook Islands medical license upon completion of a one to three year/s post graduate medical training. The Cook Islands medical licenses granted to the medical school graduates upon completion of the one to three year/s post graduate medical training will be issued to assist the international (foreign) medical graduates obtain medical licenses in their home countries and or abroad and not to compete with resident Cook Islands medical doctors unless the graduate's medical services are needed.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree that the Government of the Cook Islands, the Cook Islands Ministry of Health and the Cook Islands Medical Council agree upon the request of Dr. Dwane L. Hubbart to provide Dr. Dwane L. Hubbart and the eligible medical staff of the medical school with a medical practitioner license in the Cook Islands which can be used to assist with providing medical practitioner education and training to the medical students.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree to provide assistance to the medical school and or to Dr. Dwane L. Hubbart in obtaining all visas which can include but is not limited to working visas for staff (employees), professors, student visas and with the entry of all teaching equipment and materials for school facilities.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree that the medical school can affiliate with the Cook Islands medical hospital/s, the medical school can contribute and use the Cook Islands medical hospital/s to provide hospital / clinical medical training to students and or post graduate students of the medical school. It is also further agreed that the medical school can pursue other affiliations and or agreements with other hospitals in the south pacific region and abroad for medical training and with other educational institutions for medical and health science education.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree that upon the request of Dr. Dwane L. Hubbart or the medical school information will be provided to any entity/s, institution/s or organization/s requiring confirmation of approval, licensure eligibility of it's professors and graduates, recognition and accreditation of the medical school by the Government of the Cook Islands, Cook Islands Ministry of Health and the Cook Islands Medical Council.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree that all medical licensor eligibilities and all medical licenses provided to medical staff doctors (professors) and the medical graduates will be upheld and continuously enforced by the Government of the Cook Islands, the Cook Islands Medical Council and the Cook Islands Ministry of Health and in case of a natural disaster or any change in the Government of the Cook Islands, provision will be made by the Government of the Cook Islands to continuously maintain any and all required listings, accreditations, permits, medical licenses and or licensor eligibilities of the medical school.

*Koro/DH*

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree to compensate Dr. Dwane L. Hubbart and or the medical school for any incurred losses, damages, disenfranchisement, costs and or expenses to gain approval for another charter in another country, and or relocation costs and expenses that will result upon any of the terms and conditions of this contractual agreement being violated by the Government of the Cook Islands and or any of the Government of the Cook Islands agencies or branches.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health acknowledge that Dr. Dwane L. Hubbart is a citizen of the United States of America and holds the majority ownership/interest and therefore agrees that this contractual agreement will be governed by the United States of America laws and the country of the United States of America will be the exclusive venue and jurisdiction for any and all disputes arising out of this contractual agreement including but not limited to determination of damages to be awarded due to any violation of this contractual agreement.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree that this contractual agreement is transferable to the purchaser upon Dr. Dwane L. Hubbart or his successor's selling of the medical school.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree that this contractual agreement cannot be changed or terminated unless it is mutually agreed upon.

## ST. MARY'S SCHOOL OF MEDICINE and DR. DWANE L. HUBBART CONTACT

C/o CLARKES, P.C
Attn: Brett Gibson
P.O. Box 144
Parekura, Avarua
Rarotonga, Cook Islands

Signed by

DR. DWANE L. HUBBART                    4-30-98
PRESIDENT                               DATE
ST. MARY'S SCHOOL OF MEDICINE

DR. RORO DANIEL                         30/4/98
SECRETARY OF HEALTH                     DATE
MINISTRY OF HEALTH
P.O. Box 109
RAROTONGA, COOK ISLANDS

EXHIBIT B



# GOVERNMENT OF THE COOK ISLANDS MEDICAL SCHOOL CHARTER

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health grants this medical school charter to Dr. Dwane L. Hubbart and the medical school (St. Mary's School of Medicine) in recognition of (CM (98) 119) and the contract agreement entered into on May 1, 1998 between the Government of the Cook Islands and Dr. Dwane L. Hubbart

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agrees to provide Dr. Dwane L. Hubbart the authority to own and operate a Cook Islands medical school and agrees to provide the St. Mary's School of Medicine and Dr. Dwane L. Hubbart the authority to confer the degree Doctor of Medicine and other health science degrees and certificates

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree that the Government of the Cook Islands Ministry of Health and the Cook Islands Medical Council are the appropriate agencies of the Government of the Cook Islands that will officially govern and form a system of quality review for the medical school and the medical school programs in collaboration with and at the request of Dr. Dwane L. Hubbart or his successor.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agrees that the Cook Islands Ministry of Health and the Cook Islands Medical Council are the responsible agencies of the Government of the Cook Islands to assist with, provide and grant accreditations and recognitions of the St. Mary's School of Medicine programs, all requested medical school listings, all medical licenses for the eligible graduates of the medical school and requested medical licenses by Dr. Dwane L. Hubbart or the St. Mary's School of Medicine for the appropriate staff of the medical school.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree to compensate and or allow for the enforcement of compensation to Dr Dwane L. Hubbart and or the medical school for any incurred losses and damages including but not limited to any and all costs and expenses to gain approval for another charter in another country, the prevention of sale of the charter or any disenfranchisement that will result upon any terms and conditions of this charter agreement being violated by the Government of the Cook Islands and or any of the Government of the Cook Islands agencies or branches.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health acknowledge that Dr. Dwane L. Hubbart is a citizen of the United States of America and holds the majority ownership/interest and therefore agrees that this charter agreement will be governed by the United States of America laws and the country of the United States of America will be the exclusive venue and jurisdiction for any and all disputes arising out of this charter agreement including but not limited to the determination of damages to be awarded such as for the monetary value of the this charter due to any violation of this charter agreement.

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree the charter agreement is transferable to the purchaser upon Dr. Dwane L. Hubbart or his successor/s selling of the charter

- The Government of the Cook Islands and the Cook Islands Ministry of Health by and through the Cook Islands Secretary of Health agree that this charter agreement cannot be withdrawn or terminated unless mutually agreed upon in writing

Signed This 24ᵗʰ day of July, 1998 by

Dr. Roto Daniel
Ministry of Health
P.O. Box 109
Rarotonga, Cook Islands

Dr. Dwane L. Hubbart
President
St. Mary's School of Medicine
Rarotonga, Cook Islands

# EXHIBIT C



Subj.     **FW: WHO Directory of Medical Schools**
Date.     6/26/2009 7 46.02 P M. Eastern Daylight Time
From:     ratu@dpmoffice.gov ck
To:       Drdwanehubbart@aol.com

FYI

Ratu Mato
**Chief Executive Officer**
**Deputy Prime Ministers Office**
**GOVERNMENT OF THE COOK ISLANDS**
*P.O. Box 26 Rarotonga, Cook Islands*
*Phone: (682) 29030  MBL: (682) 54037  Fax: (682) 29056*
*Email: ratu@dpmoffice.gov.ck*

**From:** Ratu Mato [mailto:ratu@dpmoffice.gov.ck]
**Sent:** Friday, 26 June 2009 12:10 p.m.
**To:** 'avicenna@wfme.org'
**Subject:** WHO Directory of Medical Schools

Second sending...following up on my previous email

Dear Sir/Madam,

St. Mary's School of Medicine in the Cook Islands was listed with the World Health Organization Directory of Medical Schools since 1998, it has been brought to our attention that it has been deleted.

The St. Mary's School of Medicine has contractual agreements with the Ministry of Health Government of the Cook Islands that states in part among others that the St. Mary's School of Medicine is accredited to operate at the sole discretion of the medical school and whenever the medical school foresees the need to train students to become medical doctors and the St. Mary's School of Medicine World Health Organization Directory of Medical School listing is to be continuously maintained so as to not disenfranchise graduates, current students and or future students.

I am requesting a response furnishing me with who I may directing communicate with regards to the issue of the St. Mary's School of Medicine being deleted from the World Health Organization Directory of Medical Schools.

Kind Regards

Ratu Mato
**Chief Executive Officer**
**Deputy Prime Ministers Office**
**GOVERNMENT OF THE COOK ISLANDS**
*P.O. Box 26 Rarotonga, Cook Islands*
*Phone: (682) 29030  MBL: (682) 54037  Fax: (682) 29056*
*Email: ratu@dpmoffice.gov.ck*

# EXHIBIT D



Subj:    **FW: WHO Directory of Medical Schools**
Date     6/26/2009 6 39 59 P M  Eastern Daylight Time
From     ratu@dpmoffice.gov.ck
To:      Drdwarehubbart@aol.com
CC.      terryrangi@btib.gov.ck  ordaniel@health.gov.ck

Dear Dr Hubbart,

For your information  have not received any response to my following email to the World Federation for Medical Education at the University of Copenhagen.

I asked Mr Terry Rangi to respond to you because he advised me that St Mary's School of Medicine was deregistered in Dec 2008

I have sent another email this morning to the University of Copenhagen

May I ask that you refer all your future correspondence to Dr Daniel of the Ministry of Health as I believe your contractual arrangements is with the Ministry of Health and not the Office Minister of Health.

Thank you

Ratu Mato
**Chief Executive Officer**
**Deputy Prime Ministers Office**
**GOVERNMENT OF THE COOK ISLANDS**
*P.O. Box 26 Rarotonga, Cook Islands*
*Phone: (682) 29030  MBL: (682) 54037  Fax: (682) 29056*
*Email: ratu@dpmoffice.gov.ck*

**From:** Ratu Mato [mailto:ratu@dpmoffice.gov.ck]
**Sent:** Tuesday, 3 March 2009 10:10 a.m.
**To:** 'avicenna@wfme.org'
**Subject:** WHO Directory of Medical Schools

Dear Sir/Madam,

St. Mary's School of Medicine in the Cook Islands was listed with the World Health Organization Directory of Medical Schools since 1998, it has been brought to our attention that it has been deleted.

The St. Mary's School of Medicine has contractual agreements with the Ministry of Health Government of the Cook Islands that states in part among others that the St. Mary's School of Medicine is accredited to operate at the sole discretion of the medical school and whenever the medical school foresees the need to train students to become medical doctors and the St. Mary's School of Medicine World Health Organization Directory of Medical School listing is to be continuously maintained so as to not disenfranchise graduates, current students and or future students.

I am requesting a response furnishing me with who I may directing communicate with regards to the issue of the St. Mary's School of Medicine being deleted from the World Health Organization Directory of Medical Schools.

Kind Regards

Ratu Mato
**Chief Executive Officer**
**Deputy Prime Ministers Office**
**GOVERNMENT OF THE COOK ISLANDS**
*P.O. Box 26 Rarotonga, Cook Islands*
*Phone: (682) 29030  MBL: (682) 54037  Fax: (682) 29056*
*Email: ratu@dpmoffice.gov.ck*

Sunday, August 21, 2011 AOL: Drdwanehubbart

EXHIBIT E



 

# MINISTRY OF HEALTH

Mailing Address: PO Box 109
             Avarua
             Rarotonga                           Phone: (682) 29664
             COOK ISLANDS                  Fax:  (682) 23109

28, July 1998.

Mr william Kelly
Education Commission for Foreign Medical Graduates
Philadelphia Office
3624 Market Street, Philadelphia
Pennsylvania 19104 - 2885 USA

Dear Mr Kelly,

I wish to inform the Educational Commission for Foreign Medical Graduates (ECFMG) that St. Mary's School of Medicine is registered and given approval to operate as a private Medical School in the Cook Islands as of April 28, 1998.

Furthermore, the World Health Organization, Geneva, Switzerland was requested to include the St Mary's School of Medicine in the World Directory of Medical Schools as of April 28, 1998.

Graduates of the St Mary's School of Medicine will be eligible for licensure as Medical Practitioners in the Cook Islands subjected to approval by the Cook Islands Medical Council.

Any further information needed in regard to St Mary's School of Medicine, please do not hesitate to ask me.

Yours truly,

Dr R. Daniel
Secretary of Health

EXHIBIT F





**WORLD HEALTH ORGANIZATION**
CH - 1211 GENEVA 27 - SWITZERLAND

Telegr.: UNISANTE GENEVA
Tel.: (41 22) 791 21 11 Telex: 415416
FACSIMILE: (41 22) 791 07 46
Direct Facsimile: (41 22) 791 47 47

**F A C S I M I L E** Message No _____ 11204 _____ Page 1 of 1 pages

From  Dr C. Boelen, HSS/HQ

To:  Mr D. Hubbart, President, St Mary's School of Medicine in the Cook Islands

Your ref.:

Fax No.  +1 808 589 1009    Date:    24 May 1999

Our ref.:  HSS-CB/sd        Subject:   WORLD DIRECTORY OF MEDICAL SCHOOLS - Seventh edition

Dear Mr Hubbart,

Following your request, I confirm that the Minister of Health of Cook Islands has requested us to list St Mary's School of Medicine, Cook Islands, in the seventh edition of the *World directory of medical schools* which will be published towards the end of the year

Yours sincerely,

Dr C. Boelen
Department of Health Systems